IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

JONATHAN SCHERLING,

    Plaintiff,

v.

SOUTHERN LAND COMPANY, LLC,

    Defendant.

---

**COMPLAINT AND JURY TRIAL DEMANDED**

---

Plaintiff, JONATHAN SCHERLING ("Scherling" or "Plaintiff") by and through the undersigned attorneys, brings this Complaint against Defendant, SOUTHERN LAND COMPANY, LLC ("Southern Land Company" or "Defendant"), states as follows:

### INTRODUCTION

1. This Complaint is brought by Plaintiff to recover for Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and other appropriate rules, regulations, statutes, and ordinances. Specifically, Defendant failed to compensate Plaintiff at the overtime premium rate for all hours worked over 40 in one workweek, as required under the FLSA.

2. Southern Land Company is a Tennessee for-profit business which regularly conducts business within the State of Colorado. *See Southern Land Company Opens Denver Office*, Southern Land Company, http://southernland.com/project/southern-land-company-opens-denver-office/ (last visited May 24, 2019). According to its website, Southern Land Company "create[es] comprehensive communities" by "operat[ing] on an integrated business model that covers the complete property lifecycle from acquisition and development through to services and

1

property management."[1]

3. Defendant employed Plaintiff as a Logistics & Field Engineering Superintendent. As a Logistics & Field Engineering Superintendent, Plaintiff's job duties included scheduling deliveries, ensuring that the job site complied with city regulations, and assisting with workflow on the job site.

4. Although Defendant represented to Plaintiff that his position was FLSA-exempt, at all times Plaintiff's job duties indicate that he was a non-exempt employee.

5. Plaintiff routinely worked in excess of forty (40) hours per workweek for Defendant. Plaintiff was not compensated at the overtime premium rate of one and one-half times his standard rate of pay for any hours worked in excess of forty (40) in one workweek, as required by the FLSA.

6. The U.S. Department of Labor specifically condemns an employer's non-payment of overtime: "Unless specifically exempted, employees covered by the Act must receive overtime pay for hours worked in excess of 40 in a workweek at a rate not less than time and one-half their regular rates of pay." *See* U.S. Department of Labor, DOL Fact Sheet #23 at 1, available at https://www.dol.gov/whd/regs/compliance/whdfs23.pdf.

7. Furthermore, the U.S. Department of Labor has provided guidance on which employees may be exempt from the FLSA based on the FLSA's "executive, administrative, professional and outside sales" exemptions. Plaintiff does not qualify for the administrative, executive, professional, or outside sales exemptions because he did not hire, fire, or oversee employees, his job routinely involved the performance of manual labor, his job duties did not require the performance of advanced knowledge related to science or learning, and Plaintiff's job

---

[1] *Capabilities*, Southern Land Company, http://southernland.com/our-capabilities/ (last visited May 28, 2019).

2

duties did not include "making sales."

8. Plaintiff brings this action on behalf of himself to recover unpaid wages and overtime, liquidated damages, penalties, fees and costs, pre- and post-judgment interest, and any other remedies to which he may be entitled.

## JURISDICTION AND VENUE

9. This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. §§ 201, *et seq*.

10. Upon information and belief, Defendant's annual sales exceed $500,000 and they have more than two employees, so the FLSA applies in this case on an enterprise basis. *See* 29 U.S.C. § 203(s)(1)(A). Defendant's employees engage in interstate commerce, and therefore, they are also covered by the FLSA on an individual basis.

11. This Court has personal jurisdiction over Defendant because Defendant conducts business within the State of Colorado, and because the acts or omissions giving rise to the causes of action in this Complaint occurred within the State of Colorado.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant employs personnel in this District and a substantial portion of the actions and omissions giving rise to the claims pled in this Complaint substantially occurred in this District.

## PARTIES

13. Scherling is an individual who resides in the County of Denver, City of Denver, Colorado. Scherling was employed by Defendant as a Logistics & Field Engineering Superintendent from approximately December 4, 2017, until October 25, 2018. His consent is attached hereto as Exhibit A.

14. Southern Land Company, LLC is an international company with its United States headquarters located in Nashville, TN. Although Southern Land Company regularly conducts business within the State of Colorado, the company is not registered to do business in the State of Colorado. Southern Land Company can be served via its Registered Agent, Timothy Downey, at 3990 Hillsboro Pike, Suite 400, Nashville, TN 37215.

## GENERAL ALLEGATIONS

15. Plaintiff was hired on or around December 4, 2017, as a Logistics & Field Engineering Superintendent for Defendant.

16. Plaintiff's primary duties as a Logistics & Field Engineering Superintendent included scheduling deliveries, ensuring that the job site complied with city regulations, and assisting with workflow on the job site.

17. At all relevant times Plaintiff was a salaried employee. Plaintiff's salary rate was $2,884.62 paid bi-weekly, or approximately $36.06 per hour.

18. Plaintiff's offer letter classified Plaintiff as "exempt." Plaintiff's job duties, however, indicate that Plaintiff was a non-exempt employee.

19. Plaintiff did not have the authority to hire, fire, or promote anyone on the jobsite; Plaintiff's job duties required Plaintiff frequently perform manual labor; Plaintiff needed to seek approval from supervisors before making most decisions; Plaintiff spent the vast majority of his day performing tasks that a supervisor had directed him to do; and Plaintiff did not need extensive schooling or licensing to become a Logistics & Field Engineering Superintendent. Furthermore, Plaintiff's job duties did not include "making sales," as defined by the FLSA.

20. Courts have found that individuals in similar job roles were not exempt from the FLSA. *See Gottleib v. Construction Services & Consultants, Inc.*, 2006 WL 5503644 (S.D. Fla

4

July 24, 2006) (granting summary judgment to Plaintiff construction site manager); *Cotton v. HFS-USA, Inc.*, 620 F. Supp. 2d 1342 (M.D. Fla. 2009) (denying defendant's motion for summary judgment after finding that plaintiff's duties as a field supervisor of ensuring subcontractors receive work orders and inspecting work was not administrative); *Zeleznik v. Universal Restoration Services Southeast, Inc*., 2011 WL 13244169 (N.D. Ga. 2011) (denying Defendant's motion for summary judgment regarding Plaintiff's FLSA-exempt status).

21. Plaintiff was required to be on-site during all operational jobsite hours. Upon information and belief, these hours began at 7:00 a.m. and ended at 7:00 p.m. Due to the jobsite hours, Plaintiff was required to work in excess of (40) hours per workweek.

22. Despite his status as a non-exempt employee, Plaintiff was never paid at the overtime premium rate for all hours worked in excess of forty (40) in one workweek.

23. The FLSA provides that:

> No employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

24. At all times relevant to this Complaint, Defendant suffered or permitted Plaintiff to routinely perform work in excess of forty (40) hours per week without compensating Plaintiff at the federally-required overtime rate of one and one-half times his standard rate of pay.

25. Defendant knew or should have known that, under the FLSA, Plaintiff should have been paid overtime "at a rate not less than one and one-half times the regular rate" at which he was employed for all compensable hours worked in excess of forty (40) hours. 29 U.S.C. § 207(a)(1).

26. Despite this, Defendant failed to pay Plaintiff at the overtime premium rate of one and one-half times his regular rate for all work performed by Plaintiff in excess of forty (40) hours

per week.

27. Defendant willfully, or in reckless disregard, engaged, adopted and then adhered to its policy and practice of withholding overtime pay from Plaintiff. This policy resulted in Plaintiff not being paid correctly, in violation of the FLSA.

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §§ 201, *et seq.*, FAILURE TO PAY OVERTIME WAGES

28. Plaintiff re-alleges and incorporates all previous paragraphs herein.

29. At all times relevant to this action, Defendant was an "employer" under the FLSA, 29 U.S.C. § 203(d), subject to the provisions of 29 U.S.C. §§ 201, *et seq*.

30. Upon information and belief, Defendant's annual sales exceed $500,000 and it has more than two employees, thus the FLSA applies in this case on an enterprise basis. *See* 29 U.S.C. § 203(s)(1)(A).

31. Plaintiff was either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods for commerce and therefore, he is also covered by the FLSA on an individual basis.

32. At all times relevant to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

33. The position of Field & Logistics Superintendent is not exempt from the FLSA.

34. At all times relevant to this action, Defendant "suffered or permitted" Plaintiff to work and thus "employed" him within the meaning of the FLSA, 29 U.S.C. § 203(g).

35. The FLSA requires an employer to pay employees the federally-mandated overtime premium rate of one and a half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek. 29 U.S.C. § 207.

36. Defendant violated the FLSA by failing to pay Plaintiff the federally-mandated

overtime premium for all hours worked in excess of forty (40) hours per workweek.

37. Upon information and belief, Defendant has policies and practices of evading overtime pay for its hourly workers for all compensable time worked.

38. Upon information and belief, Defendant's violations of the FLSA were knowing and willful.

39. By failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for Plaintiff's work performed in excess of forty hours in a workweek, Defendant has violated the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

40. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorneys' fees.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff requests the following relief:

a. Declaring that Defendant violated its obligations under the FLSA;

b. Declaring that Defendant willfully violated the FLSA and its attendant regulations as set forth above;

c. Granting judgment in favor of Plaintiff and against Defendant and awarding the amount of unpaid overtime wages calculated at the rate of one and one-half (1.5) times the Plaintiff's regular rate multiplied by all hours that Plaintiff worked in excess of the prescribed number of hours per week for the past three years;

d. Awarding liquidated damages to Plaintiff, in an amount equal to the amount of unpaid wages found owing to Plaintiff; and awarding Plaintiff and the Class members all other available compensatory damages available by law;

e. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

f. Awarding pre- and post-judgment interest to Plaintiff on these damages;

g. Awarding all legal and equitable relief to Plaintiff under the FLSA; and

h. Such further relief as this court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury of all claims asserted in this Complaint.

Dated: June 5, 2019

Respectfully submitted,

s/ *Theodore E Laszlo, Jr.*
Theodore E Laszlo, Jr. (CO Reg. #36234)
Michael J. Laszlo, Esq. (CO Reg. #38206)
2595 Canyon Blvd. Suite 210
Boulder, CO 80302
(303) 926-0410 (phone)
(303) 443-0758  (fax)
Email: tlaszlo@laszlolaw.com
       mlaszlo@laszlolaw.com

*Local Counsel for Plaintiff*

Jennell K. Shannon (MN Bar No. 0398672)
Jacob R. Rusch (MN Bar No. 0391892)
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
Saint Paul, Minnesota
Telephone: (612) 436-1800
Fax: (612) 436-1801
jshannon@johnsonbecker.com
jrusch@johnsonbecker.com

*Counsel for Plaintiff*