IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Case No. 19-cv-01609-DDD-NYW

JONATHAN SCHERLING

    Plaintiff,

v.

SOUTHERN LAND COMPANY, LLC,

    Defendant.

## ORDER APPROVING SETTLEMENT AGREEMENT

Plaintiff Jonathan Scherling brought this action against Defendant Southern Land Company, LLC, asserting violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* The matter is before the Court on the parties' joint motion for approval of their settlement agreement, which resolves Mr. Scherling's claim. (Docs. 19, 20.) The Court **APPROVES** the settlement and **GRANTS** the motion.

## LEGAL STANDARD

When employees file suit against their employer to recover wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. 29 U.S.C. § 216; *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946)). "Requiring court approval of FLSA settlements effectuates the purpose of the statute, which is to 'protect certain groups of the population from substandard wages and excessive

hours . . . due to the unequal bargaining power as between employer and employee.'" *Baker v. Vail Resorts Mgmt. Co.*, No. 13-cv-01649-PAB-CBS, 2014 WL 700096, at *1 (D. Colo. Feb. 24, 2014) (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)). To approve the settlement agreement, the Court must find that (A) the settlement is reached as a result of contested litigation, (B) a bona fide dispute exists between the parties, and (C) the settlement is fair and reasonable. *Lynn's Food Stores*, 679 F.2d at 1354–55.

Parties requesting approval of an FLSA settlement must provide the Court with enough information to determine whether a bona fide dispute exists. Davis v. Crilly, 292 F. Supp. 3d 1167, 1172 (D. Colo. 2018) (citing Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1234 (M.D. Fla. 2010); Baker, 2014 WL 700096, at *1. To meet this obligation, the parties must present: (1) a description of the nature of the dispute; (2) a description of the employer's business and the type of work performed by the employee; (3) the employer's reasons for disputing the employees' right to a minimum wage or overtime; (4) the employees' justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage. Id. (citing Collins v. Sanderson Farms, Inc., 568 F. Supp. 2d 714, 718 (E.D. La. 2008)). The mere existence of an adversarial lawsuit is not enough to satisfy the bona fide dispute requirement. Id.

## ANALYSIS

Defendant Southern Land Company, LLC, "create[es] comprehensive communities" by "operat[ing] on an integrated business model that covers the complete property lifecycle from acquisition and development through to services and property management." (*See* Doc. 1 ¶ 2.) Plaintiff

Jonathan Scherling was employed by Defendant as Logistics & Field Engineering Superintendent from December 4, 2017 until October 25, 2018. (*Id.* ¶ 13.) As part of his job, Plaintiff scheduled deliveries, ensured that the job site complied with city regulations, and assisted with workflow on the job site. (*Id.* ¶ 3.) Plaintiff's salaried rate of pay was $2,884.62 bi-weekly. (*Id.* ¶ 17.) Plaintiff alleges that throughout his employment with Defendant, Plaintiff worked in excess of forty (40) hours per workweek but was paid straight time for all hours of work. (*Id.* ¶ 22.) Plaintiff alleges his position was, and is, not exempt from the FLSA. (*Id.* ¶ 18.) Defendant disputes the number of overtime hours Plaintiff worked and contends that Plaintiff's position is FLSA-exempt. (Doc. 10 ¶¶ 6–7.)

The parties' have negotiated a settlement and move for the Court's approval of the same. (*See* Doc. 20-1.) Pursuant to the settlement agreement, Plaintiff is to release any claims against the company in exchange for $26,500.00—divided as $9,000.00 representing unpaid wages, $9,000.00 in other wages, and $8,500 in attorneys' fees (which represents a reduction of the over $18,000.00 in fees Plaintiff' incurred).

The proposed settlement was reached in the adversarial context after contested litigation. While the parties do not dispute the applicable premium wage owed for each hour of overtime work, Plaintiff estimates that he performed approximately 940 hours of overtime work for Defendant. Defendant argues that Plaintiff's position is exempt under the Administrative Exemption to the FLSA and argues the number of overtime hours worked by Plaintiff is significantly lower than Plaintiff's estimate. *See* Dkt. No. 10 at 6–7. Both parties acknowledge that the issues regarding FLSA exemptions and number of overtime hours worked are fact questions which would likely require resolution by a jury, requiring significant litigation, time, and expense. Thus, a bona fide dispute exists.

The proposed settlement is also fair and reasonable. It is the product of arm's length negotiations by experienced counsel. Both parties have been well represented throughout this case, which indicates that the result is fair and equitable. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (noting courts can rely on the adversarial nature of a litigated FLSA action resulting in settlement as indicia of fairness). Further, the proposed settlement has the beneficial effect of providing relief and eliminating the risks both sides bear if the lawsuit continued to resolution on the merits.

Finally, the proposed settlement contains a reasonable award of attorneys' fees. The FLSA entitles a prevailing plaintiff to recover "a reasonable attorney's fee . . . and costs of the action." 29 U.S.C. § 216(b); *see, e.g.*, *Gray v. Phillips Petrol. Co.*, 971 F.2d 591, 593 (10th Cir. 1992). The fee is mandatory, but the Court has discretion to determine the amount and reasonableness of it. *Wright v. U–Let–Us Skycap Serv., Inc.*, 648 F. Supp. 1216, 1218 (D. Colo. 1986). Here, the proposed agreement provides Plaintiff with attorneys' fees representing approximately 32% of his recovery, which is presumptively reasonable. *See Vaszlavik v. Storage Technology Corp.*, 2000 WL 1268824, *4 (D. Colo. Mar. 9, 2000) ("A 30% common fund fee award is in the middle of the ordinary 20%–50% range and is presumptively reasonable."); *see also, e.g.*, *Whittington*, 2013 WL 6022972, at *5–*6 (approving a contingency fee and expense award totaling 39% of the total fund).

## CONCLUSION

For the foregoing reasons, the joint motion for approval of settlement agreement (Doc. 19) is **GRANTED**. The settlement agreement is **APPROVED**. It is further **ORDERED** that this case is **DISMISSED WITH PREJUDICE**.

Dated: January 7, 2020.　　　BY THE COURT:

　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　Daniel D. Domenico
　　　　　　　　　　　　　　United States District Judge